UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MONIQUE M. PHILLIPS, | ) |
| | ) CASE NO. C11-0503-JCC-MAT |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) REPORT AND RECOMMENDATION |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## INTRODUCTION AND SUMMARY CONCLUSION

Plaintiff Monique Phillips proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner) denying her application for Supplemental Security Income (SSI). A Social Security claimant may obtain review of a final decision of the Commissioner by commencing a civil action "within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow." 42 U.S.C. § 405(g). In this case, the Appeals Council issued a January 7, 2011 notice of decision advising plaintiff she had sixty days from receipt of the notice to file a civil action. (Dkt. 10, Ex. 2.) Absent "a reasonable showing to the contrary[,]" plaintiff was presumed

REPORT AND RECOMMENDATION
PAGE -1

to have received the notice five days after the decision date. 20 C.F.R. § 422.210(c). The Appeals Council notice advised plaintiff of this presumptive date of receipt. (Dkt. 10, Ex. 2 ("The 60 days start the day after you receive this letter. We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period.")) Counsel for plaintiff did not file the current action until March 22, 2011, more than sixty days after the presumptive date of receipt.

Defendant filed a motion to dismiss. (Dkt. 9.) In response, counsel for plaintiff alleged plaintiff had no idea when she received the notice due to her severe depression, that counsel had not received the notice until January 21, 2011, and that he had timely filed the action sixty days later. (Dkt. 11.) He relied on declarations from himself and from plaintiff's former counsel. (Dkt. 11-1 & 11-2.)

The undersigned construed the motion to dismiss as seeking summary judgment. (*See* Dkt. 12 at 3-4.) As stated in a Report and Recommendation, summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (the moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof); *F.D.I.C. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992) (the court draws all reasonable inferences in favor of the non-moving party), *rev'd on other grounds*, 512 U.S. 79 (1994). The Report and Recommendation also noted that the sixty-day filing period at issue constitutes a statute of

limitations, *Vernon v. Heckler*, 811 F.2d 1274, 1277 (9th Cir. 1987) (cited sources omitted), must be strictly construed as a condition on the waiver of sovereign immunity, *Bowen v. City of New York*, 476 U.S. 467, 479 (1986), and is subject to equitable tolling, *Vernon*, 811 F.2d at 1277 (citing *Bowen*, 476 U.S. at 480).

The undersigned found plaintiff's case subject to dismissal based on her failure to comply with the statute of limitations. Plaintiff had not submitted any corroborating evidence to support rebutting the presumptive date of receipt, plaintiff had not herself submitted a declaration, and counsel had not explained why he relied on the January 21, 2011 date without taking available steps to assure a timely filing. (*See* Dkt. 12.) The undersigned further found no basis for equitable tolling. (*Id*.)

Plaintiff submitted objections to the Report and Recommendation, raising a number of arguments and attaching a second declaration from plaintiff's former counsel, an office computer printout reflecting receipt of the notice by counsel on January 21, 2011, and a declaration from plaintiff. (Dkt. 13.) Plaintiff states:

> I do not remember if or when I received the Appeals Council decision in the mail directly from the Appeals Council. I may have received it, but I cannot remember. During that time period, I was not doing well. I was regularly attending group therapy at Valley Cities Counseling, but that was my only activity. Other than that, I just stayed wherever I could, since I was homeless at the time. I still am homeless.
>
> I have a really hard time dealing with any paperwork; I find it overwhelming.

(Dkt. 13-2.) Plaintiff otherwise confirms the series of events occurring after her attorneys' receipt of the notice, as explained in their declarations. (*Id*. and Dkts. 11-1, 11-2 & 13-1.)

The Commissioner, in response, states that the Report and Recommendation was

REPORT AND RECOMMENDATION
PAGE -3

appropriate and refers the Court to its Motion to Dismiss. (Dkt. 14.) District Judge John C. Coughenour has referred the matter back to the undersigned for consideration of whether the additional evidence provided suffices to make a reasonable showing rebutting the presumed date of receipt of the notice of the Appeals Council action. (Dkt. 15.)

Counsel for plaintiff insists, incorrectly, that the Report and Recommendation was based on an erroneous reading of the relevant regulations, and that he did timely file the case based on the date of receipt. Again, he provides no explanation as to why he relied on that date despite the fact that it was apparent from the face of the notice that it was received almost ten days *after* the presumptive date of receipt, and despite his knowledge of his client's mental health issues and communication difficulties. Counsel is again advised that reliance on the date of receipt in such circumstances poses obvious and serious risks to his clients. *See*, *e.g.*, *Flores v. Sullivan*, 945 F.2d 109, 113 n.4 (5th Cir. 1991) ("He could have either sought an extension of time or filed the suit within the limitation period, but he failed to follow either of these prudent avenues. Despite being on notice of the apparent date by which a complaint must be filed, Butler waited until the fifty-ninth day after he presumably received notice to file the complaint on behalf of Flores. This procrastination proved to be ill-advised."); *Roberts v. Shalala*, 848 F. Supp. 1008, 1017 (M.D. GA 1994) (noting counsel's alleged date of receipt still permitted fifty three days from the presumed date of receipt to either timely file a complaint or to seek an extension). However, the computer printout and declaration from plaintiff compel additional consideration of plaintiff's position.

As discussed in detail in the prior Report and Recommendation, courts typically find denial of timely receipt, standing alone, insufficient to rebut the presumptive date of receipt,

and require the submission of some corroborating evidence. *See*, *e.g.*, *Matsibekker v. Heckler*, 738 F.2d 79, 81 (2d Cir. 1984) (claimant showed that the Appeals Council notice was not mailed until seven days after the notice date); *Pettway v. Barnhart*, 233 F. Supp. 2d 1354, 1357-59 (S.D. Ala. 2002) (date-stamped copy of the notice deemed sufficient corroborating evidence). *But see Roberts*, 848 F. Supp. at 1015-17 (insufficient evidence found even where date-stamped copy of notice submitted with affidavit). The printout provided by plaintiff's counsel clearly reflects receipt of the Appeals Council notice on January 21, 2011 (Dkt. 13-1), corroborating the contentions contained in declarations from counsel.

Additionally, plaintiff's declaration mirrors the contentions of her counsel, including both the state of her mental health and that plaintiff does not know when, if ever, she received the Appeals Council notice.[1] Plaintiff's mental impairment can be considered as a factor justifying the tolling of the statute of limitations. *See*, *e.g.*, *Canales v. Sullivan*, 936 F.2d 755, 758-59 (2d Cir. 1991) ("[E]quitable tolling of the 60-day statute of limitations of Section 405(g) may be warranted in cases where an SSI disability claimant fails to seek judicial review in a timely manner because of mental impairment."). Also, there is "nothing in the record to suggest that . . . plaintiff would have received notice prior to counsel." *Pettway*, 233 F. Supp. 2d at 1362-63 (finding it unnecessary, for this reason, to determine whether the sixty-day period runs from when the claimant or her representative received the notice, whichever date is earlier, or whether it runs only from the representative's date of receipt). While there does not appear to

---

[1] Plaintiff's assertion of homelessness arguably conflicts with her contention that she was ultimately able to receive a copy of the notice from her counsel by mail, as well as counsels' declarations describing their contacts with plaintiff by phone and mail. The Court, however, gives plaintiff the benefit of the doubt, assuming she either had temporary residences of some kind or locations at which she was able to receive mail.

be any requirement of proof surrounding the presumed date of mailing, *see Payan v. Aramark Mgmt. Servs. L.P.*, 495 F.3d 1119, 1123 (9th Cir. 2007), the Commissioner fails to provide any explanation as to the extended gap in time between the notice date and the date on the printout provided by plaintiff's counsel.

Considering the circumstances as a whole, plaintiff now makes a reasonable showing rebutting the presumptive date of receipt. *See*, *e.g.*, *Lee v. Barnhart*, No. 02-10114-RGS, 2002 U.S. Dist. LEXIS 9576 at *3-4 (D. Mass. May 22, 2002) (finding reasonable showing through plaintiff's affidavit reflecting change of residence and expiration of postal forwarding order, affidavits from attorney and secretary asserting later date of receipt and date of intake stamp, and notice of mail delays resulting from anthrax contamination scare during relevant time period). The undersigned, therefore, hereby enters a revised recommendation that the Commissioner's construed motion for summary judgment (Dkt. 9) be DENIED and plaintiff's disability claim briefed on the merits.

DATED this 29th day of November, 2011.

Mary Alice Theiler
United States Magistrate Judge